IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America | ) |
| | ) Cr. No. 2:17-554 |
| vs. | ) |
| | ) |
| Erin Danielle Arrowood, | )  **ORDER AND OPINION** |
| | ) |
| Defendant. | ) |
| _____ | ) |

Defendant Erin Danielle Arrowood filed a pro se motion for compassionate release to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Under § 3582(c)(1)(A), the court, on motion of a defendant after (1) fully exhausting administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or (2) the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier, may reduce the term of imprisonment.[1]

Section 3582(c)(1)(A), as amended by the First Step Act, mandates the defendant exhaust administrative remedies prior to seeking relief in this court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Monzon*, No. 99cr157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4. 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional). Defendant does not allege she has made such a request to her warden, nor exhausted her administrative remedies under § 3582(c)(1)(A).[2] Because the BOP has not brought this motion,

---

[1] The court notes that, while it may have jurisdiction to reduce a sentence under § 3582(c)(1)(A) in certain circumstances, the Attorney General and the Director of the Bureau of Prisons have sole authority to release an inmate to home confinement. See section 12003 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020).

[2] Defendant must first apply to her Warden, and, if she receives a denial within 30 days, must appeal the Warden's denial to the Regional Director within 20 days and continue to appeal any denial until

and Defendant has not alleged she exhausted her administrative remedies, her motion for release (ECF No. 474) is **denied**, without prejudice.

    **IT IS SO ORDERED.**

                                      /s/ Margaret B. Seymour
                                      Senior United States District Judge

Columbia, South Carolina

August 25, 2020

---

her administrative remedies are exhausted. See 28 C.F.R. part 542, subpart B. If the Warden does not act on the request within 30 days from its receipt, Defendant may reapply to this court.